CHARLES W. CARTER, JR.,[1] Petitioner/Respondent Below, Appellant,
v.
DEBORAH Y. BLAKE, Respondent/Petitioner Below, Appellee.
No. 277, 2009.
Supreme Court of Delaware.
Submitted: December 18, 2009.
Decided: March 10, 2010.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 10th day of March 2010, upon consideration of the appellant's opening brief and appendix and the Family Court record, it appears to the Court that:
(1) The parties, Charles W. Carter, Jr. (Father) and Deborah Y. Blake (Mother), are the parents of a thirteen-year old child. Father has appealed the Family Court's May 4, 2009 decision that denied his petition to modify custody and granted Mother's petition to modify visitation. Because Mother elected not to file an answering brief, the Court has decided this appeal on the basis of Father's opening brief and appendix and the Family Court record.
(2) Father asserts that the Family Court discounted or overlooked negative information about Mother and her fiancé, discounted or overlooked positive information about Father and his fiancée, and relied in error upon false information concerning Father. After careful review of Father's assertions, we can discern no error or abuse of discretion in the Family Court's May 4, 2009 decision. Accordingly, the decision will be affirmed.
(3) The record reflects that at the time of the hearing on the parties' petitions, Father and Mother were operating under a custody order dated October 24, 2005 and a visitation modification order dated October 23, 2008. Under the October 24, 2005 order, Mother had primary residential custody and Father had visitation.
(4) On October 15, 2008, Mother filed a petition to modify visitation alleging that Father had punched and kicked the child.[2] After an emergency hearing on October 23, 2008, Father's visitation was restricted to twice-a-week supervised visits at a State visitation center.
(5) Immediately following the October 23, 2008 hearing, Father filed a petition to modify custody. Father alleged that Mother had violated the October 24, 2005 order by refusing to allow the child to play sports, by interfering with his ability to communicate with the child, and by not providing adequate clothing and support to the child.
(6) At the April 21, 2009 hearing on the parties' petitions, the Family Court heard testimony from Mother and her fiancé and Father and his fiancée. In a separate proceeding on April 24, 2009, the Family Court interviewed the child.
(7) By order dated May 4, 2009, the Family Court determined that it was in the child's best interest "that sole custody and residence remain with Mother." With respect to visitation, the Family Court determined:
Father is hereby ordered to take an anger management class and submit documentation of completion to the [c]ourt. The current visitation order will be such that Father will have visitation at the visitation center for two hours a week, on Sundays, until the [c]ourt receives a certificate of anger management completion. [Father] is expected to utilize the center and complete his anger management class as soon as possible, in an effort to minimize visits at the center. Upon completion, visits may take place under the supervision of Father's daughter at her home for the first three months following the completion of the course; visits are to take place every Sunday from 10 a.m. until 8 p.m. At the end of three months, assuming there are no negative incidents, Father may have visitation as outlined in the October 24, 2005 Order. Also, Father may attend [the child's] sporting events as long as [the child] consents.
(8) "This Court's standard and scope of review of an appeal from the Family Court extends to a review of the facts and law as well as to a review of the inferences and deductions made by the Trial Judge."[3] If the Family Court has applied the law correctly, our review is limited to abuse of discretion.[4]
(9) The Court will not disturb factual findings unless those findings "are clearly wrong and justice requires their overturn."[5] Moreover, the Court "will not substitute its own opinion for the inferences and deductions made by the Trial Judge where those inferences are supported by the record and are the product of an orderly and logical deductive process."[6]
(10) In this case, when considering Father's petition to modify custody, the Family Court was required to consider whether any harm would likely be caused to the child by a modification, the compliance of each parent with prior orders of the court, and the best interests of the child under title 13, section 722 of the Delaware Code.[7] When considering Mother's petition to modify visitation, the Family Court was required to consider the best interests of the child in accordance with title 13, section 728(a) of the Delaware Code.[8]
(11) In its May 4, 2009 decision, the Family Court reviewed all of the factors relevant to performing a best interest analysis under sections 722 and 728(a) and expressly considered, as required, the likelihood of harm caused by a modification as well as the parties' compliance with prior orders. Having carefully considered Father's appeal from that decision, the Court concludes that the Family Court made no error of law or abuse of discretion when determining that custody and residential placement of the child should continue with Mother and that visitation should be modified in such a way so as to return Father to the October 24, 2005 visitation ordered by the court upon his successful completion of appropriate prerequisites. The Family Court's factual findings and inferences and deductions are supported by the record and are the product of an orderly and logical reasoning process.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The caption reflects pseudonyms previously assigned by the Court. Del. Supr. Ct. R. 7(d).
[2] The record reflects that in the criminal proceeding that arose from those allegations, Father was adjudged not guilty of Assault in the Third Degree.
[3] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983) (citing Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979)).
[4] Id.
[5] Id.
[6] Id.
[7] Del. Code Ann. tit. 13, § 729(c)(2) (2009). See Del. Code Ann. tit. 13, § 722 (providing that in determining the bests interests of the child, the Family Court should consider: (i) the wishes of the parents; (ii) the wishes of the child; (iii) the interrelationship of the child with parents, siblings, grandparents, and other residents of the household; (iv) the child's adjustment to her home, school, and community; (v) the mental and physical health of all involved; (vi) past and present compliance by both parties with their responsibilities under § 701; (vii) evidence of domestic violence; and (viii) the parties' respective criminal histories.).
[8] Del. Code Ann. tit. 13, § 729(a). See Del. Code Ann. tit. 13, § 728 (a) (providing that the Family Court shall determine a schedule of visitation consistent with the child's best interests and maturity, which is designed to permit and encourage the child to have frequent and meaningful contact with both parents unless the court specifically finds, after a hearing, that contact would endanger the child's physical health or significantly impair the child's emotional development.).