IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID TREMONT, | § | |
| | § | No.   176, 2020 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below:   Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN19-02133 |
| JOANN TREMONT, | § | Petition No. 19-21877 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted:   December 16, 2020
Decided:   February 22, 2021

Before **SEITZ**, Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

On this 22nd day of February 2021, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The Appellant, David Tremont ("the Father"), appeals from a Family Court visitation order concerning his minor child, B.T. ("the Child").   The Appellee is the Child's mother, Joann Tremont ("the Mother").[1]   The order in question denied a petition filed by the Father to modify visitation granted to the Mother in a prior custody order and granted the Mother's cross-petition to increase her

---

[1] "David Tremont" and "Joann Tremont" are pseudonyms used for the Father and Mother, respectively.

visitation.[2]

(2)    The prior custody order was entered on May 11, 2017.  That order provided that the Father and Mother would retain joint legal custody; awarded primary residential placement of the Child to the Father; awarded the Mother a weekly visitation on Tuesday after school through Wednesday evening at 8:00 p.m. and visitation every other weekend; established a summer visitation schedule; ordered that the Mother see a therapeutic interventionist to address her stress and anger management; and ordered that the parties engage in co-parenting counseling to work on their communication issues and joint decision making.  The court's reasoning, in part, was that "Mother's past actions and uncontrolled anger show that Mother is not capable of dealing with daily parenting challenges."[3]   The 8:00 p.m. end time for the Wednesday visitation was later modified to be 7:30 p.m.

(3)    The Father filed a petition to modify the Mother's visitation on August 5, 2019.  He requested that the Family Court eliminate the Mother's mid-week visitation and allow the Mother an additional weekend of visitation each month. The Mother filed an answer and cross-petition requesting that the court deny the Father's request and grant her increased visitation.   She sought to extend the Child's visit during the week from 7:30 p.m. Wednesday until drop off at school on

[2] *D.T. v. J.T.*, No. CN19-02123 (Del. Fam. Apr. 23, 2020).
[3] Amended App. to Appellant's Op. Br. at A10 [hereinafter A__].

Thursday, a change of an additional twelve hours.

(4)   During the hearing on the petitions to modify visitation, the Family Court judge listened to testimony from six witnesses, including the parties' co-parenting counselor, the Mother's therapist, both the Father and Mother, and other family members. At the conclusion of the hearing, after closing arguments, the judge announced her decision to deny the Father's petition and grant the Mother's petition. In a written opinion issued after the hearing, the judge carefully summarized the testimony of all six witnesses in detail. After she summarized the testimony of the witnesses, she set forth her findings. Her findings included the following:

> Father has not proven Mother's mid-week visitation with the Child would endanger the Child's physical health or significantly impair the Child's emotional development, as outlined in 13 *Del. C.* § 728(a); there is no basis to restrict Mother's contact with the Child. Although Father believes the Child's "poor" behavior is due to added stress on the Child caused by Mother's inconsistency with school work and failure to have an early bedtime, there was no extrinsic evidence of this causal connection. In addition, an analysis of the Best Interest Factors, set forth in 13 *Del. C.* § 722(a), and for the reasons set forth on the record, the Court finds factors (4) and (6) weigh in favor of granting Mother additional visitation with the Child; Mother's request for increased visitation is granted.[4]

(5)   The court further explained: "Father's attempts to micro-manage

---

[4] *D.T. v. J.T.*, No. CN19-02123, at *7 (Del. Fam. Apr. 23, 2020).

Mother's parenting of the Child when the Child is with Mother during the school week is the stressor in this equation."[5]  After noting that "Father testified Mother has yelled at the Child and exhibited a short temper and anger towards the Child, including throwing a chair," the court found that "it is clear Mother has been actively involved in therapy which has allowed her to better manage her anger and stress and has followed the recommendations of her counselor.  Mother has made significant progress managing her behavior."[6]  In addition, the court stated that "[t]here was no evidence the Child is suffering due to spending time with mother midweek."[7]  The court also found that "Father 'micro-reads' the Court's Orders and has excessively emailed Mother concerning her responsibilities towards the Child . . . neither party has shown co-parenting counseling has helped them communicate in an effective manner."[8]

(6)  On appeal, the Father makes three claims.  First, he contends that the Family Court erred by requiring him to establish that the current visitation order "posed a threat to the Child's physical health or emotional development before considering the modification he proposed."[9]  Next, the Father contends that the Family Court erred when it ruled that factors (4) and (6) of 13 *Del. C.* § 722(a)

---

[5] *Id.*
[6] *Id.*, at *8.
[7] *Id.*
[8] *Id.*
[9] Appellant's Op. Br. at 13.

4

favored more visitation with the Mother "without discussing the basis for that conclusion or reviewing Father's petition under the same analytical framework."[10] Finally, the Father contends that the court's conclusions were not the product of an orderly and logical deductive process.

(7) "In an appeal from a Family Court decision, this Court reviews the facts, the law, and the inferences and deductions made by the Family Court."[11] "The Court does not disturb the Family Court's factual findings 'unless they are clearly wrong and justice requires their overturn.'"[12] "Moreover, the Court 'will not substitute its own opinion for the inferences and deductions made by the Trial Judge where those inferences are supported by the record and are the product of an orderly and logical deductive process.'"[13] "If the Family Court has applied the law correctly, our review is limited to abuse of discretion."[14]

(8) 13 *Del C.* § 728(c) permits a parent, who believes it to be in the child's best interest, to apply for modification of visitation between a parent and a child which was established in a prior order. The court may order such modification "if it finds after application of the standards set forth in subsection (a) of this section

---

[10] *Id*. at 18.
[11] *Talley v. Talley*, 2013 WL 596456, at *1 (Del. Feb. 14, 2013) (TABLE) (citing *Fowler v. Fowler*, 2009 WL 1372694 (Del. May 15, 2009) (TABLE)).
[12] *Id.*
[13] *Carter v. Blake*, 2010 WL 814497, at *2 (Del. Mar. 10, 2010) (TABLE) (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983)).
[14] *Id.*

that the best interests of the child would be served by ordering such a modification."

Section 728(a) states:

> The Court shall determine, whether the parents have joint legal custody of the child or 1 of them has sole legal custody of the child, with which parent the child shall primarily reside and a schedule of visitation with the other parent, consistent with the child's best interests and maturity, which is designed to permit and encourage the child to have frequent and meaningful contact with both parents unless the Court finds, after a hearing, that contact of the child with 1 parent would endanger the child's physical health or significantly impair his or her emotional development.

The Child's "best interests" are determined by considering all relevant evidence including the eight statutory factors set forth in 13 *Del. C.* § 722(a).

(9) Section 728(a) provides that a parent's visitation schedule should be designed to permit and encourage frequent and meaningful contact with both parents unless the court finds that contact with one parent would endanger the child's physical health or significantly impair his or her emotional development. The Father's petition sought to significantly reduce the Mother's visitation by eliminating four or five mid-week visitations per month, to be replaced by only one additional weekend visitation per month. There is no error in the Family Court having placed on the Father the burden of justifying his request by showing that the mid-week visitations endangered the Child's physical health or significantly impaired his emotional development. The Family Court's finding that the Father

6

failed to meet this burden is supported by the evidence. In fact, the evidence supports the judge's finding that the Mother's therapy has aided her and that she has made significant improvements in managing her anger.

(10) As to the best interest factors, the court was not required to set forth a full analysis on each factor with regard to each petition. The court has discretion to weigh the factors as it deems appropriate given the facts of the particular case.[15] A review of the record shows that the court clearly took the § 722(a) factors into consideration. For example, the court considered how improved the Mother is in managing her anger and how therapy has helped her significantly. This consideration goes to factor (5), under which the court is to consider the mental health of the individuals involved. The Mother's therapist and the parties' co-parenting counselor testified that "[t]he Child is 'very attached' to both parents and wishes to spend time with both,"[16] which goes to factor (2), under which the court is to consider the wishes of the child. The court heard and considered testimony from the Child's maternal grandmother and step-mother about their involvement with the Child, which goes to factor (3), under which the court is to consider the

---

[15] *Mann v. Green*, 2012 WL 2948198, at *3 (Del. July 19, 2012) (TABLE) (When considering the best interest factors, "a trial judge can assign weight to each factor."); *Harrington v. Harrington*, 2006 WL 66392, at *2 (Del. Super. Jan. 10, 2006) (TABLE) (citing *Holmes v. Wooley*, 2002 WL 27346, at *1 (Del. Jan. 3, 2002) ("The Family Court should not apply [the §722] criteria in a fixed and mechanical fashion, but may weigh each factor as appropriate to arrive at a decision that reflects the child's best interests.")).
[16] *D.T. v. J.T.*, No. CN19-02123, at *3.

child's interrelationship with relatives other than the parents. Factors (4) and (6) relate to the Child's adjustment to his home, school and community, and the parents' past and present compliance with their rights and responsibilities to the child. As mentioned, the court found that "for the reasons set forth on the record, the Court finds factors (4) and (6) weigh in favor of granting Mother additional visitation with the Child."[17] Although the court did not set forth detailed findings regarding factors (4) and (6), the evidence supports the court's finding that these factors favor the modest increase in visitation which the Mother sought.

(11) Based upon our review of the record and our consideration of the Father's contentions, we find that there is no abuse of discretion on the part of the Family Court and the Father's contentions are without merit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is **AFFIRMED.**

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice

---

[17] *Id*., at *7.